GAGE, APPELLANT, *v.* GAGE, APPELLEE.*

(No. 23508—Decided October 26, 1955.)

*Mr. Harry J. Dworkin,* for appellant.
*Mr. Edwin C. Reminger,* for appellee.

HURD, J.   This cause originated in the Court of Common Pleas of Cuyahoga County on March 20, 1953, when the plaintiff

*Judgment affirmed, 165 Ohio St., 462.

filed suit for divorce against the defendant, alleging extreme cruelty and gross neglect of duty. The defendant then filed her answer and cross-petition. In her answer, she denied generally the allegations contained in plaintiff's petition; and, in her cross-petition, she prayed for divorce and an allowance of temporary and permanent alimony and, in addition, that she be allowed a reasonable sum by way of alimony as and for attorney's fees, and for such other and further relief as would be just and equitable. For purposes of brevity, the parties will be here designated as plaintiff and defendant, as they appeared in the trial court.

The transcript of docket entries shows that the trial court allowed alimony to the defendant *pendente lite* in the sum of $200 per month. Thereafter, on January 31, 1955, the cause came on for hearing, and on March 17, 1955, the court found in favor of plaintiff and filed a journal entry setting forth in detail its judgment decree. As part of the decree, the court awarded plaintiff real estate owned by him, an automobile free and clear of incumbrances and one-half of the cash on hand in the sum of $525. Defendant was awarded the other half of the cash on hand, government bonds having a value of $525 and a one-third interest in the proceeds of plaintiff's life insurance policy.

In addition to the division of property, the trial court awarded defendant alimony for her maintenance and support in the sum of $130 per month, based upon the plaintiff's future earnings, to continue until such time as the "defendant shall remarry," and, in the event the defendant shall become unemployed, the order for maintenance and support "shall be subject to modification by the court." The court also allowed the defendant as attorney's fees, for services rendered by her counsel, the sum of $225 and ordered that a like sum should be paid to her counsel by defendant.

Plaintiff has here appealed only part of the judgment on questions of law. The plaintiff does not complain of the division of his property, either as to the right of the trial court to make such division or as to the fairness or equity of the division of property so made by the trial court. The plaintiff complains, however, because the trial court awarded the defendant alimony

and challenges the jurisdiction of the trial court so to do, setting forth three principal assignments of error as follows:

1. Having granted the plaintiff a divorce on his petition and dismissed the defendant's cross-petition, the trial court erred in granting the defendant alimony as prayed for in her cross-petition.

2. The trial court erred in basing the alimony award upon plaintiff's future earnings.

3. The trial court erred in granting the defendant attorney's fees as prayed for in her cross-petition.

It should be noted at the outset that the evidence adduced in the trial court is not before us for review on the merits, as the plaintiff failed to file a bill of exceptions by which this court could test the soundness of the discretion of the trial court in respect to the orders made. The plaintiff claims that the errors assigned are demonstrable on the face of the record without any consideration of the evidence, which brings into issue here upon this review questions of law only as to the power and jurisdiction of the Court of Common Pleas.

Coming now to a consideration of the first assignment of error, we are presented with a single question as to whether the Court of Common Pleas is empowered by statute to make an award for the maintenance and support of the wife when a divorce is granted to the husband. The plaintiff claims that such an award is erroneous, being beyond the jurisdiction of the court. Counsel for plaintiff has cited text and case authority to the effect that, when a divorce is granted to a husband for the aggression of the wife, the court cannot grant alimony but only a share of the husband's estate under Section 11993, General Code, and cognate sections.

We have examined carefully the authorities cited and quoted by counsel and find that at the time of the filing of the petition herein and the trial of this case the numerous authorities relied on by plaintiff had ceased to be applicable because of comparatively recent statutory amendments enacted by the Legislature. Inasmuch as it appears that the question of the power of the Court of Common Pleas to make an award of alimony pursuant to those amendments has not heretofore been discussed in any reported case since the effective date of the

statutory amendments, we think it helpful to review the statutes on alimony and the recent amendments.

It is fundamental that all grounds for divorce and alimony and the rights of the parties in relation thereto are fixed by the statutory laws of this state. *Mark* v. *Mark,* 145 Ohio St., 301, 61 N. E. (2d), 595, 160 A. L. R., 608.

Under the provisions of Chapter 3 of the General Code, entitled Divorce and Alimony, in effect prior to the amendments, the Court of Common Pleas was limited in its jurisdiction in respect to the allowance of alimony and dependent entirely upon the findings made by it in respect to the aggression of either of the parties.

Former Section 11990, General Code (effective January 1, 1932), granted to the court jurisdiction to allow alimony to the wife "because of the husband's aggression," while Section 11993, General Code (effective January 1, 1932), granted to the court jurisdiction to allow alimony to the husband when the divorce was by "reason of the aggression of the wife."

However, effective August 28, 1951, the Legislature revised Chapter 3 on Divorce and Alimony in many important respects and renumbered the General Code Sections. (See Sections 8003-1 to 8003-23, inclusive, General Code.) It is important here to note that the words, "because of the husband's aggression," as contained in Section 11990, and the words, "by reason of the aggression of the wife," as contained in Section 11993, were completely eliminated, so that the question of the aggression of the parties ceased to be a norm or standard to which the court was obliged to adhere in determining the allowance of maintenance and support or alimony.

The former sections of the General Code (Sections 11990 and 11993) relating to alimony were superseded by Sections 8003-17 and 8003-19, General Code, reading as follows:

Section 8003-17. "When a divorce is granted the court shall, if the wife so desires, restore to her any name she had before *the* marriage. *The court may* allow such alimony as it deems reasonable to *either party,* having due regard to property which came to *either* by *their* marriage, *the earning capacity of either* and the value of real and personal estate of ·*either* at the time of the *decree. Such alimony may be allowed in real*

*or personal property, or both, or by decreeing either such sum of money payable in gross or by installments, as the court deems equitable.''*

Section 8003-19. ''*Alimony* may be allowed in real or personal property, or both, or by decreeing *a* sum of money, payable either in gross or *installments,* as the court deems equitable.''

The italicized portions of the quoted sections are as set forth in the amendments as found in Page's Ohio General Code, Annotated, Cumulative Pocket Supplement for Volume 5 (1952), at pages 96 and 97.

It will be observed that Sections 8003-17 and 8003-19, General Code, above quoted, and italicized in part, had the effect of changing the old rule concerning aggression to a new rule or standard, by which the court is allowed wide discretion as to what is deemed reasonable and equitable under all the circumstances of each case.

Following those changes in the General Code, the Legislature, in 1953, proceeded to a revision of the Code, and the statutes relating to divorce and alimony were then incorporated into Chapter 3105 of the Revised Code, which now embraces Sections 3105.01 to 3105.21, inclusive, and Section 3105.99. In this revision of the Code in 1953, Section 8003-17, General Code, was changed, so that the first sentence, having to do with restoration of the wife's maiden name, was enacted into Section 3105.16, Revised Code. The Legislature then combined the remainder of Section 8003-17, General Code, with Section 8003-19, General Code, into present Section 3105.18, Revised Code, which now reads as follows:

''The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.

''Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.''

It will be noted that the substance of Section 8003-17, General Code, was not changed in any manner whatsoever, but the

Legislature enlarged upon Section 8003-19, General Code, and included therein that part of Section 8003-17 above quoted. The net effect of the adoption of Section 8003-17, and the revision of that section heretofore noted, was to clothe the court with plenary powers as to the allowance of alimony *as it deems reasonable* to either party in real or personal property or both in gross or by installments as the court *deems equitable.* It is our conclusion that the Legislature intended, as set forth in plain and unambiguous language, to clothe the Court of Common Pleas with sound discretion in allowance of alimony *to either party,* being subject to reversal only for an abuse of such discretion. In short, it is clear that it was the intention of the Legislature to rely upon the sound discretion of the trial court with relation to the allowance of alimony without respect to the question of the aggression of either of the respective parties. At page 14 of Title XXXI, Baldwin's Ohio Revised Code, we find the following illuminating comment by the Director of Code Revision (1953) as a note to Section 3105.16 (Section 8003-17, General Code):

"This section confines itself strictly to the change of name and the *remainder of the provisions of former G. C. Section 8003-17 are contained in R. C. Section 3105.18 in combining the alimony grants with former G. C. Section 8003-19. The revision clarifies the law by granting a court the power to award alimony to either party, having regard to property, both real and personal and in addition the 'earning capacity' of either party. Such applies to either divorce suits or alimony proceedings.*" (Emphasis added.)

As heretofore stated, we are here concerned only with the issues raised as to the power or jurisdiction of the court, as we do not have a record of the evidence before us by which to test the soundness of the discretion used by the trial judge in the allowance made by him in the instant case. The defendant argues by way of brief that Section 3105.18, Revised Code, must be construed in connection with Section 3105.17, Revised Code (Section 8003-18, General Code). We think this argument is untenable insofar as it is claimed that Section 3105.18 has no application to divorce actions. The intention of the Legislature is clear as expressed by the language used that Section 3105.18

has application to divorce actions as well as to actions for alimony alone. The same proposition applies with equal force to Section 8003-17, General Code, as amended August 28, 1951 (124 Ohio Laws, 178, 186), which was in effect at the time of the filing of the petition in this case. By the amendments cited and quoted and the recodification now in effect, the Legislature has brought Ohio into harmony with other jurisdictions which have clothed their trial courts with power to exercise sound discretion in the matter of the allowance of maintenance and support to a wife. Support for this statement may be found in 34 A. L. R. (2d), 330, Section 6, as follows:

"Many states have statutes which provide in effect that when the court grants a divorce it may also award permanent alimony to a wife. Such a statute does not refer to, and does not make an award dependent upon, the question of fault; and the court which grants a divorce is thereby empowered to award permanent alimony to a wife against whom a divorce is granted."

This is now the rule in the states of Arkansas, Colorado, Illinois, Indiana, Iowa, Maryland, Massachusetts, Mississippi, New Hampshire and New Mexico. The authorities cited in the support of the text in the various jurisdictions listed are too numerous to require citation.

The question raised by the second assignment of error, namely that the court erred in basing an alimony award on plaintiff's future earnings, requires little discussion, as alimony is generally understood to be the allowance which a husband by order of the court pays to his wife living separate and apart from him for her maintenance and support. The usual allowance of alimony in installments is payable from the earnings of the husband, which in most cases must of necessity include future earnings. A recent case decided on the subject is *Klump* v. *Klump*, 96 Ohio App., 93, 121 N. E. (2d), 273, where, in paragraph five of the syllabus, we find the following:

"Alimony may be awarded out of the future personal earnings of the husband and made payable in installments, and such award may be made in addition to an allowance out of the husband's personal or real property, or both."

Coming now to the third assignment of error, by which it

is claimed the trial court erred in granting defendant's attorney's fees as prayed for in the cross-petition, we find no error in the order requiring the husband to pay attorney's fees in the sum of $225 set forth in the order. Here again we are obliged to state that we do not have a record of the evidence upon which to test the reasonableness of such allowance and are concerned only with the power of the court to make such an order.

In *Stuart* v. *Stuart,* 144 Ohio St., 289, 58 N. E. (2d), 656, the Supreme Court, in a *per curiam* opinion, declares, as follows, at page 290:

"That the trial court in the exercise of a sound discretion has power to make a reasonable allowance for attorney fees is undoubted. By the provisions of Section 11994, General Code, the court on notice to the adverse party 'may grant alimony to either of the parties for his or her sustenance and expenses during the suit.' The term 'expenses' properly includes attorney fees. The power of the trial court to allow attorney fees does not cease upon the making of an allowance therefor on a motion *pendente lite.* If a sufficient amount has not been previously allowed the trial court may allow fees, reasonable in amount, in entering final judgment."

Section 11994, General Code (later Section 8003-15, General Code), is now Section 3105.14 of the Revised Code.

The only fault that we find with the order in this case is that the court apparently attempted to determine the amount of the attorney's fees that the wife should pay to her counsel, but, inasmuch as no complaint is made concerning this, it is unnecessary to rule on this question.

Holding the views herein stated, we conclude that the assignments of error must be overruled and the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

KOVACHY, P. J., and SKEEL, J., concur.