RABIN, APPELLEE, *v.* RABIN, APPELLANT.*

---

*Motion to certify the record overruled (37562), October 10, 1962.

(No. 2638—Decided March 2, 1962.)

*Messrs. Wissinger & Shanks,* for appellee.
*Messrs. Scott & Ensley,* for appellant.

KERNS, J. This is an appeal from a judgment of the Court of Common Pleas of Montgomery County in a divorce action.

The divorce decree, which discloses the nature of the controversy, provides in part:

"* * * that the parties were married in Dayton, Ohio, on November 15, 1951, that no children have been born issue of said marriage, that plaintiff has failed to prove her allegations of gross neglect of duty and extreme cruelty on the part of the defendant by a preponderance of the evidence but that the defendant is entitled to a divorce on his cross-petition which charges plaintiff with adultery;

"It is therefore ordered, adjudged and decreed:

"(1) That the defendant be granted a divorce from the plaintiff dissolving the marriage contract heretofore existing between the parties and that the parties be released and discharged from all further marital rights, duties and obligations;

"(2) That the plaintiff be and she hereby is awarded alimony in the amount of seventeen thousand five hundred dollars ($17,500.00), from the defendant, payable forthwith;

"(3) That the plaintiff be and she hereby is awarded as further alimony for the purpose of defraying part of her expenses incident to the employment of counsel in the amount of fifteen hundred dollars ($1,500.00) from the defendant, payable forthwith;

"(4) Plaintiff may retain as her own, the automobile and other personal property now in her possession excepting the stock or other evidence of interest in the defendant's business enterprises;

"(5) That plaintiff's interest in defendant's business enterprises and all other items of real and personal property owned by the parties be and the same hereby are awarded to the defendant; and the plaintiff is ordered to assign to the defendant any and all certificates for shares or other evidences of

ownership she may have in any of the defendant's business enterprises, including without limitation, Lady Elizabeth Furniture Company, Inc., Fifth-Wayne Realty Company, Inc., and Hyman Rabin, Inc. and all of her right, title and interest in the real estate owned by the parties located at 4621 Hedgewood Drive, Dayton, Ohio, and more fully known and described as situated in the city of Dayton, county of Montgomery and state of Ohio, and being lot number 72,532 of the consecutive numbers of lots on the revised plat of said city; and if, within ten (10) days from the issuance of this final decree of divorce, the plaintiff has not so assigned and conveyed, then and in that event, this decree shall operate as an assignment and conveyance of such interests of plaintiff in said real and personal property.''

The divorce feature of the decree is not challenged on appeal; the only serious dispute is about alimony. In this regard, the record presents two questions for determination: (1) whether a wife may be awarded alimony in Ohio where a divorce was granted to her husband on his cross-petition alleging no other ground for divorce but that of adultery; and (2) whether the amount of the award of alimony to the plaintiff, appellee herein, constitutes an abuse of discretion.

In approaching the first question, it is fundamental that all grounds for divorce and alimony and the rights of the parties in relation thereto are governed by the statutory laws of this state. *Gage* v. *Gage,* 101 Ohio App., 483, affirmed, 165 Ohio St., 462; *Mark* v. *Mark,* 145 Ohio St., 301. The statutes which are of primary importance in the consideration of the initial question presented herein are Sections 3105.18 and 3105.20, Revised Code.

In commenting upon these sections, the Supreme Court, in the case of *DeMilo* v. *Watson, Exr.,* 166 Ohio St., 433, said:

''By two amendments to the divorce and alimony statutes, effective in 1951, the General Assembly radically changed the situation theretofore existing.

''One amendment now incorporated in Section 3105.18, Revised Code (Sections 8003-17 and 8003-19, General Code, effective August 28, 1951), empowers the Court of Common Pleas to 'allow such alimony as it deems reasonable to either party, having due regard to property which came to either by their

marriage, the earning capacity of either and the value of real and personal estate of either at the time of the decree,' and 'such alimony may be allowed in real or personal property, or both, or by decreeing either such sum of money payable in gross or by installments, as the court deems equitable.'

"Eliminated completely is any reference to 'aggression' on the part of either husband or wife.

"The other amendment, presently found in Section 3105.20, Revised Code (Section 8003-21, General Code, effective August 28, 1951), explicitly states:

" 'In any matter concerning domestic relations, the Court of Common Pleas shall not be deemed to be deprived of its *full equity powers and jurisdiction.'*

"These amendments removed the limitations on the powers of the court in alimony and division of property matters in divorce proceedings which had previously existed, and their effect is to permit the court a free and full exercise of its general equity powers to adjust property rights between opposing spouses as it determines will serve the ends of justice. Whether in the judgment such adjustment is called 'alimony' or 'division of property' is not important."

In the case of *Gage* v. *Gage,* 165 Ohio St., 462, the same court held:

"1. Under the amended provisions of Section 3105.18, Revised Code, a trial court may under proper circumstances award alimony to a wife although a divorce is granted to the husband by reason of the wife's aggression.

" * * *

"3. Alimony may include an allowance for expenses including reasonable attorney fees, as provided in Section 3105.14, Revised Code."

Accordingly, it is established in Ohio that an award of alimony in a divorce action is not entirely dependent upon the question of fault.

In many states the statutes provide that upon decreeing a divorce on any ground "except that of adultery committed by the wife" the court may award permanent alimony to the wife. 34 A. L. R. (2d), 349. No similar exception, however, is contained in the Ohio statutes. Nor are such statutes susceptible of a construction which makes adultery distinguishable per se

from any other statutory ground for divorce or alimony. Accordingly, we are of the opinion that the trial court, in the exercise of its full equity powers and jurisdiction (Section 3105.20, Revised Code), and subject only to sound judicial discretion, may award alimony to a wife who is divorced by her husband on the ground of adultery. See *Dailey* v. *Dailey* (1834), Wright, 514, where the court, without referring to any statute, directed that the husband should have a divorce on the ground of adultery and also ordered him to pay alimony.

In the present case, the record describes in detail the bizarre circumstances which eventually led to the dissolution of this marriage, but it would serve no useful purpose to review that testimony here. Suffice it to say that the evidence clearly shows that both the plaintiff and defendant, appellant herein, contributed substantially to the final chapter which provided the ground for divorce. And in our opinion, the trial court did not err in making an award of alimony to the plaintiff.

The remaining question is whether the amount of the award is excessive. In making an allowance of alimony, the court is governed by Section 3105.18, Revised Code, which provides:

"The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

Here the plaintiff was awarded $19,000 and a mortgaged car. The parties stipulated that the plaintiff received approximately $16,000 as a teacher during the course of the marriage. The record discloses further that she contributed to the marriage the sum of $950 which was withdrawn from a teacher's retirement fund, and that she gave a 2.8 carat diamond engagement ring to her husband so that he might sell it to provide a down payment on a home. There is also evidence that she worked for the defendant at various times in his business. It should also be noted that the alimony award is counterbalanced

to some extent by the fact that the plaintiff, at the time of the decree, was ordered to convey her equity in their home, as well as certain shares of stock in the defendant's corporations, to the defendant. As nearly as can be determined by the evidence, the value of such shares of stock was approximately $2,500.

The evidence presented upon the defendant's corporate worth is conflicting, and there is a paucity of evidence upon his personal finances. But were we to accept the defendant's own self-serving declarations, the record discloses that he estimated his worth at the time of the marriage to be $60,000 and his worth at the time of trial to be "$100,000 to $110,000," thus showing a net increase of $40,000 to $50,000 during the course of the marriage.

With reference to earning capacity, a copy of the defendant's tax return for the year prior to trial showed his income at $25,350. By contrast the plaintiff's earning capacity is commensurate with that of an elementary school teacher.

Our examination of this record discloses no abuse of discretion. The judgment is affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and GUERNSEY, J., concur.

GUERNSEY, J., of the Third Appellate District, sitting by designation in the Second Appellate District.

