RUSSELL, APPELLEE, *v.*
RUSSELL, APPELLANT.

(No. CA83-07-051—Decided
February 13, 1984.)

Ms. *Kathy H. Revelson,* for appellee.
Mr. *Neal B. Bronson,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Warren County.

The parties, Barbara A. Russell, plaintiff-appellee, and Gerald R. Russell, defendant-appellant, were married on June 4, 1960, at Morrow, Ohio. Appellee filed a complaint seeking a divorce from appellant on May 18, 1982. A hearing before a referee of the Warren County Court of Common Pleas was held on December 9, 1982, concerning the division of marital property; on January 21, 1983, the parties were granted a divorce. The marital property was divided as far as was practicable at the time the divorce was granted, the court incorporating in its property settlement a pre-trial agreement reached by the parties with the aid of counsel. The matters of child support and alimony were taken under advisement by the court and were to be decided at a later date when appellee's expenses could be more accurately determined and documented.

The pre-trial property settlement agreement provided, *inter alia,* that appellant would pay appellee the sum of $100,000 cash in exchange for the marital real estate and farm equipment located on such real estate. Appellant also agreed to assume responsibility for a $111,280 mortgage on the property. The parties further agreed that the furniture and furnishings of the marital residence were to be divided between them: three quarters to appellee and one quarter to appellant. Any disputes regarding this apportionment were to be submitted to the court for resolution.

On April 7, 1983, a second hearing before a referee was held on the issues of child support and alimony. In addition, the parties submitted several items of furniture for apportionment by the court: one pair of Danish wood lamps, a dining room set, a small refrigerator and a Buck stove. The referee, in a decision filed May 16, 1983, recommended that appellant should pay appellee child support in the amount of $185 per child per month, and alimony in the amount of $425 per month. He also recommended that the alimony be paid for twelve

years, provided that appellee lives to receive it and that she not remarry within the first four years. He suggested that the items of furniture be disposed of as follows: one lamp to each party; the dining room set to remain in the marital residence until the residence is sold and then become the property of appellee; appellant to be awarded the small refrigerator; and, appellant to be awarded the Buck stove, provided he offer another stove to appellee. Both parties filed objections to the referee's report.

The trial court, in a judgment entry dated June 20, 1983, modified the referee's report by increasing the child support award to $250 per child per month, and the alimony award to $500 per month. The court further directed that appellee continue to receive alimony until such time as she should die, remarry, or cohabit with another party. The referee's disposition of the furnishings was sustained without modification.

Appellant has timely filed this appeal from the decision of the trial court modifying the referee's report, and presents the following four assignments of error:

First Assignment of Error:

"The trial court erred in its findings that the division of household property recommended by the referee was in accord with a three-quarters/one-quarter split."

Second Assignment of Error:

"The trial court erred in increasing child support."

Third Assignment of Error:

"The trial court erred in increasing the amount of alimony award."

Fourth Assignment of Error:

"The trial court erred in changing the award of alimony from a sum of money payable in installments to sustenance alimony."

In his first assignment of error, appellant asserts that the various items of furniture submitted to the referee for determination were not divided according to the parties' agreed three-quarter/one-quarter split. The record indicates that the referee simply divided up the disputed items without mentioning the stipulated split. The referee's decision was affirmed by the trial court, which in its judgment entry observed that neither party offered evidence at the hearing indicating that the referee's decision was not in accord with the three-quarter/one-quarter agreement.

The January 21, 1983 judgment entry granting the parties a divorce expressly leaves the task of dividing household furniture and furnishings "open to agreement by the parties." The entry further provides that "[i]n the event the parties are unable to reach an agreement then this matter shall be resubmitted for determination by this court." The parties submitted only a few items to the court for allocation, indicating that they had reached agreement between themselves as to division of the rest of the furniture and furnishings. Testimony by both parties at the second hearing indicates that the appraisal of the property was haphazard; but we consider this to be of no moment because the parties, according to the January 21 judgment entry, were free to agree to any appraisal method they wished, or to resubmit the entire matter to the court. Therefore, only the allocation of the submitted items needed to be considered by the referee.

At the April 7, 1983 hearing, neither party was able to establish a value for the disputed items in a manner which would enable the referee, the trial court, or this court to accurately determine whether or not the items were apportioned in accord with the parties' three-quarter/one-quarter agreement. Although the referee's report did not expressly mention the agreed apportionment, the apportionment was mentioned by the trial court in its entry affirming the referee's decision.

In Ohio, trial courts have broad discretion in the determination of what

constitutes an equitable division of marital property. *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318 [23 O.O.3d 296]; *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318]. This court may overturn a trial court's division of property in a divorce action only if the allocation constitutes an abuse of discretion. *Berish, supra*; *Cherry, supra*. " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies * * *' " an arbitrary or unconscionable attitude on the part of the court. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219. We feel that the referee's division of various items of property submitted by the parties for allocation was in accord with the pre-trial agreement of the parties as far as was possible, given the lack of evidence as to the fair market values of the various items in dispute. Therefore, the trial court did not abuse its discretion by adopting the referee's recommendation, and appellant's first assignment of error is overruled.

The action of the trial court increasing appellee's award of child support from $185 per child per month, the amount recommended by the referee, to $250 per child per month, is the subject of appellant's second assignment of error.

A reading of appellant's brief suggests that his second assignment of error involves a procedural complaint, not a substantive one. Appellant contends that appellee's objections to the referee's report were not timely filed per Civ. R. 53(E)(2). Therefore, appellant argues, the trial court abused its discretion by allowing appellee to file her objections later than the fourteen-day period specified in Civ. R. 53(E)(2), and by addressing matters raised by appellee in her objections. One of the matters raised by appellee in her objections was the inadequacy of the child support awarded by the referee.

Civ. R. 53(E)(2) states that a party may, within fourteen days of the filing of a referee's report, file written objections to such report. The court may then, per Civ. R. 53(E)(2), upon consideration of the objections, adopt, reject or modify the report. The record indicates that the referee's report was filed on May 16, 1983, and that appellee's objections to the report were filed on June 1, 1983, approximately two days after the expiration of the fourteen-day period allowed by Civ. R. 53(E)(2). The trial court, *ex parte*, granted appellee leave to file her objections after the fourteen-day period had expired.

We believe that appellee's objections, filed with the permission of the court, were timely filed. Civ. R. 53(E)(2) provides that written objections to referees' reports "shall be considered a motion." The 1975 Staff Note to Civ. R. 53(E)(2) states that when objections to referees' reports are construed as motions, the specific reference to Civ. R. 6(D), contained in an earlier version of Civ. R. 53(E)(2), is unnecessary in the current version of the rule. Civ. R. 6(D) relates to time limits for the filing of motions. Therefore, the fourteen-day period set forth in Civ. R. 53(E)(2) may be extended in the manner provided by the Civil Rules for the extension of time periods set forth in Civ. R. 6(B).

Civ. R. 6(B) allows an extension of time, with leave of the court: (1) with or without motion if the request is made before the expiration of the allotted time period, or (2) upon motion after the allotted time has expired if the failure to act was the result of excusable neglect. In applying Civ. R. 6(B) to the facts of the case *sub judice*, we must keep the following points in mind: First, absent evidence to the contrary, this court is required to presume the regularity of proceedings below. *Security Ins. Co.* v. *Regional Transit Auth.* (1982), 4 Ohio App. 3d 24, 26. Second, Civ. R. 1(B) states that the Civil Rules "* * * shall be construed and applied to effect just re-

sults by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."

Accordingly, we must presume that appellee was granted leave to file her objections late due to a showing of excusable neglect. To hold otherwise would be to presume that the trial judge acted illegally and irresponsibly and result in construing the Civil Rules in a manner that would bring irreparable harm upon appellee by denying her the opportunity to object to the findings of the referee.[1]

It follows that the issue as to the amount of child support awarded by the referee was subject to review and modification by the trial court. Appellant's second assignment of error is therefore overruled.

Appellant's third and fourth assignments of error take issue with the amount of alimony awarded by the trial court and the conditions placed on the receipt of such alimony by appellee. The referee recommended that appellee receive alimony in the amount of $425 per month for a period of twelve years conditioned on her living and not remarrying for four years. The following justification was offered:

"The alimony is based on the fact that this was a long-term marriage and there is great disparity in the income, earning ability, [and] education between the husband and wife, and the wife * * * [has] no medical or retirement benefits. The alimony is spread over a longer period of time than it would have been because the husband has incurred considerable debt responsibility to complete the property settlement between the parties. This also is the reason that the only condition is that she live to receive the alimony and [it] is to continue regardless of her employment."

The trial judge awarded alimony in the sum of $500 per month, to continue until appellee "dies, remarries or cohabits with another party."

Any Ohio court granting a divorce or dissolution may, per R.C. 3105.18(A), "* * * allow alimony as it deems reasonable to either party." R.C. 3105.18(B) states that "all relevant factors" are to be considered "[i]n determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony * * *." Eleven such factors are listed in R.C. 3105.18(B). When a trial court does not specify the reasons behind its award, it is presumed that the factors listed in R.C. 3105.18(B) were considered. *Cherry* v. *Cherry, supra* (66 Ohio St. 2d) at 356. Decisions regarding alimony are within the discretion of the trial court, and subject to reversal on appeal only if an abuse of discretion is demonstrated. *Ginn* v. *Ginn* (1960), 112 Ohio App. 259 [16 O.O.2d 164]; *Gage* v. *Gage* (1955), 101 Ohio App. 483 [1 O.O.2d 413], affirmed (1956), 165 Ohio St. 462 [60 O.O. 117]. A reviewing court may not substitute its judgment regarding alimony for the judgment of the trial court. *Ginn, supra,* at 263-264.

The instant case presents a situation wherein the alimony recommended by the referee and the alimony granted by the trial court differ in both amount and conditions attached. Further, the trial court does not set forth specific reasons for changing the referee's recommended award. However, these facts alone do not constitute grounds for finding an abuse of discretion on the part of the trial judge. The referee's report is binding only when approved by the trial

---

[1] Even if we were to hold that appellee's objections were not timely filed pursuant to leave granted by the trial court, there is nothing that would preclude the trial court from reviewing the amount of child support awarded by the referee *sua sponte*. See *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102, paragraph two of the syllabus.

court. Civ. R. 53(E)(5). Before such approval is granted, the trial court may "* * * adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself." Civ. R. 53(E)(2). The 1970 Staff Note to Civ. R. 53 explains the relationship between the referee and the trial judge as follows: "* * * Rule 53 contemplates that a referee shall *aid* the court in the expedition of the court's business *and not be a substitute for the functions of the court.*" (Emphasis added.) See, also, *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102, 105, and *Nolte* v. *Nolte* (1978), 60 Ohio App. 2d 227, 231 [14 O.O.3d 215].

Therefore, the alimony granted by the trial judge in the case at bar need only be reasonable based on all factors relevant to such award present in the case at bar. See R.C. 3105.18, and *Cherry* v. *Cherry, supra.* Based on the factors set forth in R.C. 3105.18, as applied to the facts contained in the record before us, we cannot say that the alimony award was in an amount or for a period of time which may be construed as unconscionable, arbitrary, or capricious.[2] See *Blakemore* v. *Blakemore, supra* (5 Ohio St. 3d) at 219. Therefore, we must affirm the decision of the trial judge.

Therefore, appellant's third and fourth assignments of error are overruled.

The assignments of error properly

---

[2] Appellant had the burden to establish the earning ability of appellee. He failed to establish that she was capable of earning more than she received from her present position. Thus, the trial court was unable to find that appellee had ability which she did not utilize. As a result, in considering the relative earning abilities of the parties, the trial court had no choice other than to conclude that there was a great disparity in their respective earning capacities and to fashion its alimony award accordingly. See *Haninger* v. *Haninger* (1982), 8 Ohio App. 3d 286.

before this court, having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

Costs to be taxed in compliance with App. R. 24.

And the court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.