OPINION
On November 12, 1999, the Lake County Court of Common Pleas modified the prior magistrate decision, and entered a final judgment of separation as to the marriage of Shirley White, appellee, and John White, appellant. John White timely appeals assigning four errors:
 "[1.] The trial court abused its discretion to the prejudice of Defendant-Appellant in failing to divide all the marital property equally with right of Defendant-Appellant to live in the marital residence under the conditions requested by Plaintiff-Appellee.
 "[2.] The spousal support order granted by the court was contrary to law and was an abuse of discretion in that the court did not consider all sources of wife's income, including the future income from a cash award from property division of over $90,000.
 "[3.] The trial court abused its discretion to the prejudice of Defendant-Appellant in failing to take into account expenditures by husband on wife's automobile after wife left the marital residence.
 "[4.] The court erred in that it failed to find that wife had removed marital assets from the residence in the form of U.S. savings bonds in excess of that claimed in her testimony and that failure was against the manifest weight of the evidence."
This is an action for legal separation, not divorce. The cause was first heard by the magistrate who issued his decision on July 16, 1999. The trial court heard timely objections of appellant, modified the decision in some regards, and issued its judgment granting legal separation on November 12, 1999.
The parties were married in 1950 and have six emancipated children. Appellant is seventy years of age and appellee is sixty-eight. During the marriage, appellant was the primary substance provider. In addition to income from savings and property, appellant receives a pension (based on 42.8 years of service) of approximately $670 per month. Appellee has a survivor option that would provide approximately $402 per month in the event of appellant's death. Appellant's Social Security benefit is $1,279 per month, while appellee's Social Security benefit is $548 per month.
The parties stipulated that the total value of marital property was $205,806.18. Although there was an earlier separation, the parties finally separated in 1995, when appellee vacated the marital homestead.
We address the assignments of error in order.
The gist of appellant's argument under the first assignment of error is that appellee requested a different settlement of the interests in the debt-free homestead than ordered by the magistrate and approved by the court.
Appellee injects a threshold argument: That the transcript of testimony before the magistrate was not produced for examination by the trial court at the time of hearing on the objections. Thus, she claims this court, upon appeal, is bound to review the trial court decision from the same record posture as did the trial court, i.e., limited to the magistrate's findings of fact and conclusions of law, together with the record proceedings before the trial judge. Civ.R. 53(E)(3)(b). See Wade v. Wade
(Aug 9, 1996), Lake App. No. 95-L-189, unreported, at 6, where we stated:
 "We are aware that the trial Court is required to undertake an independent analysis to determine whether the referee's recommendations should be adopted pursuant to Civ.R. 53, regardless of whether any party filed any objections or related transcripts. However, absent a transcript or an appropriate affidavit as provided in the rule, a trial court is limited to an examination of the referee's conclusions of law and recommendations, in light of the accompanying findings of fact only unless a trial court elects to hold further hearings."
As it relates to the first assignment of error, it is clear that the complaint of appellant is that the magistrate (and then the trial court) did not follow the willingness of appellee to allow appellant to continue living in the marital residence under circumstances that appellant now asserts would be more favorable to him.
We are instructed by the decision of the magistrate that he took into account all of the testimony supplied by each party, considered the factors contained in R.C. 3105.18 and executed a decision that he believed was fair, just, and equitable.
We are unable to conclude, based on the record before the trial court, that the judge abused his discretion and that his decision as regards the division of marital property between the parties is either unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. When litigants are unable to mutually agree upon the division of assets in a separation or divorce action, they yield to the court the legal authority to divide the property according to law. Here, the magistrate and the court each considered the wishes of the parties, made an order that avoided the sale of the homestead, and made a division according to law. The court is not bound by the unresolved wishes of the parties concerning such matters. Jamesv. James (1995), 101 Ohio App.3d 668.
The first assignment of error is without merit.
Appellant next claims that the court failed to consider the income that appellee would receive as a consequence of the division of marital investment property. He also complains that he took a reduction in pension benefits so that his wife could have a survivor benefit.
The record does not support the contention that these matters were never considered by the trial court. In fact, the magistrate recites that the factors of R.C. 3105.18 were considered in reaching a conclusion as to the amount to be ordered, and the record before the trial judge is devoid of evidence as to the impact of investment income to each of the parties as a consequence of the division thereof.
Thus, we are unable to conclude that the trial court abused its discretion in determining and fixing an order of spousal support. See Blakemore, supra, and Russell v. Russell
(1984), 14 Ohio App.3d 408.
The second assignment of error is without merit.
Appellant complains that he was not properly credited for repairs on appellee's automobile for which he paid after the separation, including $3,400 for motor repair and other expenses totaling $1,020. Further, he claims that savings bonds she took when she left and part-time employment were not factored.
Upon a review of the appropriate record, we find no such discrepancies that rise to the level of abuse of judicial discretion.
The third assignment of error is without merit.
Appellant argues that U.S. Savings Bonds acquired during the marriage were converted by appellee at and following the separation. In the face of conflicting testimony, the magistrate found that the only bonds extant were those that were subject of the stipulation between the parties. The clear inference is that the fact finder believed that the practice of cashing the bonds for expenses was continued and appellant failed in his burden of proof as to the existence of additional bonds.
In this, the trial court did not abuse its discretion. The fourth assignment of error is without merit.
________________________________
JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
CHRISTLEY, P.J., NADER, J., concur.