OPINION
{¶ 1} Defendant, Richard Smith, appeals from a judgment entered by the Vandalia Municipal Court against Smith and in favor of Plaintiff, Linda Miller, for $4,195.39, plus interest and costs.
 {¶ 2} Miller's claim for relief arose from her purchase of a used vehicle from Smith, who is an auto dealer. Miller purchased the vehicle "as is — no warranty." She commenced an action against Miller when defects developed, alleging that oral representations that Smith and his agent had made created a warranty that Smith breached.
 {¶ 3} The matter was referred to a magistrate, who conducted evidentiary hearings. The magistrate filed a written decision in favor of Plaintiff Miller on April 8, 2003. Twenty days later, on April 28, 2003, finding that more than fourteen days had passed without objections having been filed, the trial court adopted the magistrate's decision pursuant to Civ.R. 53(E)(4)(a).
 {¶ 4} Smith filed general objections to the magistrate's decision on the same day the court adopted it, April 28, 2003, requesting additional time to procure a transcript. On May 27, 2003, Smith filed a further motion asking the court to reconsider its ruling adopting the magistrate's decision, arguing that his objections were filed late due to excusable neglect. Smith also filed a notice of appeal to this court on that same date from the municipal court's April 28, 2003, judgment in favor of Miller.
 {¶ 5} The trial court denied Smith's motion to reconsider on May 29, 2003. The court found that Smith's objections were filed after the fourteen day period for filing objections for which Civ.R. 53(E)(3)(6) provides had passed, and that the general form of the objections Smith had filed did not satisfy the specificity requirements of Civ.R. 53(E)(3)(b).
 {¶ 6} Smith filed no notice of appeal from the trial court's order of May 29, 2003. Therefore, any error in denying the relief his motion for reconsideration sought is not before us for review. Our review is confined to the trial court's order of April 28, 2003, adopting the magistrate's decision, from which this appeal was taken.
First Assignment of Error
 {¶ 7} "The trial court erred in not reviewing the magistrate's decision pursuant to a notice of objections filed by defendant in this case."
 {¶ 8} Smith appeared pro se in the proceedings before the magistrate. The magistrate's decision was filed on April 8, 2003. Smith retained counsel on April 23, 2003. Counsel represents that he promptly prepared and mailed objections to the court. However, the objections were not filed until April 28, 2003, twenty days after the magistrate's decision was filed.
 {¶ 9} Counsel argues that the objections he filed were late due to excusable neglect. Whether counsel was neglectful or not, Smith had waited until fifteen days after the magistrate's decision was filed to retain counsel to act on his behalf. The genesis of the delay was Smith's personal neglect, therefore.
 {¶ 10} Smith argues that when he received the magistrate's decision on April 14, 2003, he believed that the fourteen days for filing objections began to run on that date. His belief was not well-founded. The first paragraph of the magistrate's decision states: "the parties shall have the right to file Objections in writing within fourteen (14) days from the date of filing of this Magistrate's decision." The decision bears a file-stamp date of April 8, 2003.
 {¶ 11} Smith's objections and request for an extension of time to obtain a transcript were not before the court when it adopted the magistrate's decision. Nevertheless, and because his objections and motions were filed on the same day the court adopted the magistrate's decision, Smith argues that the trial court abused its discretion when it failed to grant the extension he requested.
 {¶ 12} Smith relies on Russell v. Russell (1984),14 Ohio App.3d 408, which held that a trial court does not abuse its discretion when, on its own motion, the court applies the extension of time provisions that currently appear in Civ.R. 6(B)(2) to consider objections to a magistrate's decision which are filed late. That rule permits a court to extend the time prescribed by the rules for performing an act upon a showing of excusable neglect. However, Russell differs from the circumstances here in several respects.
 {¶ 13} First, in Russell the court had not adopted the magistrate's decision when the objections were filed. Here, the two coincided. Civ.R. 6(B)(2) contemplates a request for an extension of time to do an act which is made before the court rules on the matter the act concerns. That did not happen here.
 {¶ 14} Second, Russell reasoned that the Civ.R. 6(B)(2) provision applies to objections to a magistrate's decision because Civ.R. 6(B)(2) permits relief "upon motion" and Civ.R. 53(E)(2), as it then existed, provided that objections "shall be considered a motion." Objections are now governed by Civ.R. 53(E)(3), which no longer classifies objections as a motion.
 {¶ 15} Third, Russell applied the presumption of regularity to approve what the trial court had done, which was to extend the fourteen day deadline. Here, if the presumption is applied, it would run in favor of the trial court's refusal to extend that deadline, to which Smith objects.
 {¶ 16} Though Russell held that the trial court did not abuse its discretion in granting an extension of time, the rationale it employed does not support a finding that a trial court in the present case abused its discretion in denying an extension.
 {¶ 17} Smith further argues that, the validity of its order adopting the magistrate's decision notwithstanding, the court abused its discretion when it denied the motion for reconsideration he filed thereafter, on May 27, 2003, which likewise argued excusable neglect.
 {¶ 18} The Civil Rules make no provision for a motion for reconsideration, and any such motion which is made after a final order or judgment is filed is a nullity. Pitts v. OhioDepartment of Transportation (1981), 67 Ohio St.2d 378. Smith's proper and available avenue of relief when he filed his motion to reconsider on May 27, 2003, was to instead file a Civ.R. 60(B)(1) motion to vacate the trial court's judgment. Civ.R. 60(B)(1) likewise offers grounds for relief upon a showing of excusable neglect.
 {¶ 19} The trial court did not address Smith's excusable neglect claim when it denied his motion for reconsideration on May 29, 2003. The ruling might be defective for that omission, if Civ.R. 60(B)(1) standards are applied. However, we are unable to review that issue on appeal, because Smith filed no notice of appeal from the court's order of May 29, 2003, denying the relief he sought. Timely filing of a notice of appeal from the final judgment or order complained of is necessary to confer the appellate jurisdiction of a court of appeals to review any error the judgment or order involves. Richards v. IndustrialCommission (1955), 163 Ohio St. 439.
 {¶ 20} The first assignment of error is overruled.
Second Assignment of Error
 {¶ 21} "The Magistrate's Decision with respect to the case herein is contrary to law and vague."
 {¶ 22} The error assigned is waived by Smith's failure to file timely objections to the magistrate's decision with respect to that error. Civ.R. 53(E)(3)(d).
 {¶ 23} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Wolff, J., concur.