[Cite as *Siesel v. Siesel*, 2023-Ohio-4137.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Christine Siesel

      Appellant

v.

Jacob Siesel

      Appellee

Court of Appeals No.  E-22-053

Trial Court No.  2021 DM 0033


**DECISION AND JUDGMENT**

Decided:  November 9, 2023

* * * * *

Jessica A.L. Camargo, for appellant.

Michael J. O'Shea, for appellee.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Christine Curtis, appeals from: (1) the November 23, 2022 judgment of the Erie County Court of Common Pleas, adopting the magistrate's decision of October 26, 2022; and (2) the December 2, 2022 judgment of the Erie County Court of Common Pleas, denying appellant's motion to vacate the November 23, 2022 judgment pursuant to Civ.R. 60(B). For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case and of the Facts**

{¶ 2} Appellant and appellee, Jacob Siesel, filed a pro-se petition for dissolution with the Erie County Common Pleas Court on April 30, 2021. A hearing on the petition for dissolution was held on June 22, 2021. At the hearing, both parties asked the trial court to approve a separation agreement they had executed on June 7, 2021. On June 23, 2021, the trial court signed and filed a judgment entry-decree of dissolution of marriage, approving the separation agreement.

{¶ 3} On July 12, 2022, more than a year after the June 23, 2021 judgment entry decree of dissolution was filed, appellant filed a "Motion for Relief of Judgment/Vacate Decision pursuant to R.C. 60(B)." On October 26, 2022, a magistrate issued a decision denying appellant's motion. On November 12, 2022, appellant filed a motion for extension of time to file objections to the magistrate's decision on the grounds that she never received electronic service of the magistrate's decision. On November 16, 2022, the trial court granted the motion, giving appellant until November 21, 2022, to file her objections.

{¶ 4} With no objections to address, the trial court adopted the magistrate's decision on November 23, 2022.

{¶ 5} On November 26, 2023, appellant filed a Motion for Second Extension of Time to File Objection to Magistrate's Decision of October 26, 2022 Instanter/Motion to Vacate Judge's Decision of November 23, 2022/Objection to Magistrate's Decision of October 26, 2022. In these motions appellate counsel argued that her father's health

2.

issues -- known to her on November 18, 2022 -- precluded her from timely filing objections to the magistrate's decision. Specifically, appellant asserted:

> [O]n or about November 18, 2022, hours before the undersigned got on a plane from California, she was informed that her Father had a debilitating stroke. The undersigned is the caregiver of her Father. Upon arrival, the condition of the undersigned's Father was significant. In the evening of November 20, 2022, the undersigned was made aware that her Father would need emergency heart surgery in the morning. On November 21, 2022, all of the undersigned's hearings were canceled and continued due to the undersigned's Father's condition worsening and requiring emergency heart surgery. Only on or about November 23, 2022 did the undersigned's Father become stable and able to be transferred to a rehabilitation center. * * * Due to this emergency, the undersigned desperately needs a second extension of time. Said Objection is being filed instanter.

Appellant then included in the body of the motion her untimely-filed objections to the magistrate's decision.

{¶ 6} On December 2, 2022, the trial court issued an order denying appellant's motions. Appellant timely filed an appeal.

**Assignments of Error**

{¶ 7} Appellant asserts the following assignments of error on appeal:

> I. The trial court erred when it denied the Motion for Second Extension of Time to File Objection to Magistrate's Decision of October 26, 2022 Instanter Filed/Motion to Vacate Judge's Decision of November 23, 2022.

3.

II. The trial court made an abuse of discretion when it denied Appellant's motion to Vacate Judge's Decision of December 2, 2022.

III. The trial court abused its discretion when it denied Appellant's Motion for Relief from Judgment Pursuant to Rule 60(B) from the Judgment Entry of June 23, 2021, without holding an evidentiary hearing prior to ruling on the Judgment Entry of June 23, 2021, and an evidentiary hearing would have shown that the decision was incorrect in both law and fact, and against the manifest weight of the evidence.

IV. The trial court abused its discretion because Appellant's Motion for Relief of Judgment and Reply/Supplemental Brief was made within a reasonable time.

**Analysis**

**Motion for Second Extension of Time to File Objections to Magistrate's Decision of October 26, 2022**

{¶ 8} As appellant's first and second assignments of error involve overlapping issues, we will consider them together in this analysis.[1] We begin by considering the trial

---

[1] Appellant's second assignment of error notwithstanding, there is no appeal of a motion to vacate the trial court's decision of December 2, 2022 currently before us. There is only an appeal of the December 2, 2022 decision, which denied appellant's November 26, 2022 motion to vacate the trial court's decision of November 23, 2022, which denied appellant's July 12, 2022 motion to vacate "the divorce decree." In light of the arguments of counsel, we will treat the second assignment of error as a challenge to the trial court's

court's denial of appellant's motion for a second extension of time to file objections to the magistrate's October 26, 2022 decision. Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period * * *." Civ.R. 53(D)(3)(a)(iii) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party timely and specifically objects to that factual finding or legal conclusion."

{¶ 9} Appellant filed her motion for a second extension of time pursuant to Civ.R. 6(B) on November 26, 2023, three days *after* the trial court entered a final judgment adopting the magistrate's decision. "While Civ.R. 6(B) permits a court to extend the time prescribed by the civil rules for performing an act upon a showing of excusable neglect, that rule 'contemplates a request for an extension of time to do an act which is made *before* the court rules on the matter the act concerns.'" *Stamper v. Keatley*, 4th Dist. Lawrence No. 04CA14, 2004-Ohio-5430, 2004-Ohio-5430, ¶ 7, quoting *Miller v. Smith*, 2d Dist. Montgomery No. 19958, 2004-Ohio-1310, ¶ 13.  (Emphasis in original).

{¶ 10} Here, by the time the appellant filed her motion for a second extension of time to file her objections, the trial court had already entered a final judgment entry adopting the magistrate's report, effectively terminating the case; thus, it would have been inappropriate for the trial court to grant an extension of time pursuant to Civ.R.

December 2, 2022 denial of appellant's motion to vacate the trial court's decision of November 23, 2022.

5.

6(B), because the trial court no longer had jurisdiction to do so. *See Stamper* at ¶ 8, citing *Murray v. Goldfinger, Inc.*, 2d Dist. Montgomery No. 19433, 2003-Ohio-459 (holding that the trial court no longer had jurisdiction to grant requested extension where both the motion for extension of time to file objections and the related objections were filed after trial court's judgment entry adopting the magistrate's report).

**Motion to Vacate Judge's Decision of November 23, 2022**

{¶ 11} Next, we consider the trial court's December 2, 2022 denial of appellant's motion to vacate the November 23, 2022 judgment entry adopting the magistrate's decision of October 26, 2022. Pursuant to Civ.R. 60(B)(1), a court may provide relief from judgment for "mistake, inadvertence, surprise or excusable neglect." When determining whether a moving party's inaction constitutes excusable neglect, a court must consider all the individual facts and circumstances of a case. *Elevation Enterprises Limited v. Anchor Capitol L.L.C.*, 2023-Ohio1646, 215 N.E.3d 18, ¶ 14 (10th Dist.). "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980), quoting *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12, 371 N.E.2d 214 (1978). An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion using an abuse of discretion standard. *Harris v. Anderson, Warden*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d

6.

43, ¶ 7. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} Here, counsel for appellant argues that the situation of her father's illness (together with various health issues of her own that were never brought before the trial court) would cause "[a]ny reasonable person" to "suffer at least some emotional strain." Although emotional strain "may support a ground for relief under Civ.R. 60(B)(1) excusable neglect," Ohio courts have found no abuse of discretion in the denial of a motion for relief from judgment when the moving party cannot show "debilitating emotional or psychological illness such that the person seeking relief alleged an utter incapacity to act with respect to the litigation." *Poulos v. State Auto Mut. Ins. Co.*, 1st Dist. Hamilton No. C-020226, 2003-Ohio-2899, ¶ 14.

{¶ 13} We find no abuse of discretion in the trial court's denial of the Civ.R. 60(B) motion. Although counsel for appellant indicated that any reasonable person would suffer at least some emotional strain as a result of her father's illness (together with her own), she failed to establish that she herself experienced emotional strain so debilitating as to render her unable to timely file objections -- or even a request for a second extension -- by November 21, 2022.

{¶ 14} We note that the trial court had already made a reasonable effort to relax the deadline for the filing of the objections when it granted appellant the initial extension

7.

of time. Under the circumstances, we cannot say that the trial court's denial of the Civ.R. 60(B) motion was unreasonable, arbitrary, or unconscionable.

{¶ 15} For all of the foregoing reasons, appellant's first and second assignments of error are found not well-taken. Inasmuch as this court's determination of appellant's first and second assignments of error are dispositive of this appeal, appellant's third and fourth assignments of error are rendered moot.

**Conclusion**

{¶ 16} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.      _____
                             JUDGE

Gene A. Zmuda, J.     

                              _____
Myron C. Duhart, P.J.                         JUDGE
CONCUR.

                              _____
                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.