[Cite as *Lukasiewicz v. Piotrowicz*, 2024-Ohio-2754.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Sue Lukasiewicz | Court of Appeals No.  L-23-1180 |
| Appellant | Trial Court No.  CI0202203173 |
| v. | |
| Michael Piotrowicz | **<u>DECISION AND JUDGMENT</u>** |
| Appellant | Decided:  July 19, 2024 |

* * * * *

Steven C. Hales, for appellant.

Robert J. Huebner and Howard B. Hershman,
for appellee.

* * * * *

## I.  INTRODUCTION

{¶ 1} Appellant, Sue Lukasiewicz, appeals the July 6, 2023 judgment of the Lucas County Court of Common Pleas granting summary judgment in favor of appellee, Michael Piotrowicz, following a dispute over appellee's installation of a fence on his property.  For the following reasons, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} The parties own adjoining parcels of land in Maumee, Lucas County, Ohio. Prior to appellee's fence installation underlying this action, the parties' properties were separated by two sections of chain link fencing. One section, extending approximately 46 feet, was located on appellee's property. Another section, extending approximately 19 feet, was located on appellant's property. The two sections met near the property line where only a small gap interrupted them from extending the entire length of the property line. Neither party disputes that the 46-foot section was located entirely on appellee's property. Appellee maintains that the 19-foot section was located entirely on appellant's property while appellant argues that the smaller portion of the fence is "exactly on the property line." It is the 19-foot section of fence that underlies the current dispute.

{¶ 3} In April 2022, appellee applied for and received a permit from the City of Maumee for the construction of a wooden privacy fence on his property to run the entire length of the property line. Prior to installation, appellee received communication from appellant, through her counsel, regarding concerns about the location of the new fence. In response, appellee obtained a survey of his property. From that survey, he determined that the 19-foot section of fencing was located on appellant's property but that his planned installation would be entirely within his property.

{¶ 4} After providing the survey to appellant's counsel, appellee, believing he had complied with all of the city's permitting requirements, began construction of the fence on May 14, 2022. As part of the construction, appellee removed the portion of the chain

2.

link fence that was on his property while leaving appellant's portion of the chain link fence intact. In his affidavit, filed contemporaneously with his motion for summary judgment, appellant stated that he "took every measure to minimize any contact with [appellant's] property." These measures included erecting a plywood structure to ensure that no debris fell on appellant's property, reaching over or around his new fencing when attaching it to the posts, and, where reaching around to attach the fencing to the posts proved unfeasible, used longer screws to attach the fencing to the posts from his own property. Appellee stated that all of these efforts were made to avoid entering appellant's property during the installation of the fence. He further stated that he "remained within [his] property line for the installation of the entire fence." In her own affidavit testimony, appellant does not directly dispute these statements but claims that "[b]efore, during, and after construction * * * [appellee] and/or his agents trespassed upon my property a number of times[.]"

{¶ 5} It is undisputed that when appellee completed construction of the privacy fence, that a 3 to 4-inch gap remained between appellee's new fence and appellant's existing chain link fence. It is further undisputed that appellee's new fence is located entirely on his own property. Prior to initiating this litigation, appellant obtained her own survey of the property on July 5, 2022. That survey reflects the portion of chain link fence underlying this dispute as extending from a post located .4 feet inside appellant's property with that distance decreasing along its run to the point the fence terminates at the property line.

3.

{¶ 6} On July 28, 2022, appellant filed a complaint alleging three counts against appellee: (1) Trespass and Conversion, (2) Nuisance, and (3) Reduction in her property value (styled as a "marketability" claim by appellant). Appellee filed his answer on September 14, 2022 and generally denied the allegations.

{¶ 7} Appellee filed a motion for summary judgment requesting judgment in his favor on each of appellant's claims on April 20, 2023. [1] As to the trespass claim, appellee argued that he never entered onto appellant's property during or after the construction of the fence and that appellant failed to allege any damages resulting from the claimed trespass. Appellee further argued that he was entitled to summary judgment on appellant's nuisance claim because the claim was based solely on an alleged interference with appellant's quiet enjoyment of her property. He argued that appellant could not succeed on her nuisance claim, as a matter of law, unless she could show that his use of his own property was unreasonable and that it resulted in an "appreciable, substantial, tangible injury to [appellant] resulting in actual, material, physical discomfort, and not merely a tendency to injure." Because appellant made no allegations related to any physical discomfort, he continued, her claim failed as a matter of law. Finally, appellee argued that appellant had failed to provide any evidence related to the alleged reduction in her property value.

---

[1] In addition to the arguments described here, appellee also sought and was granted summary judgment on appellant's conversion claim on the basis that Ohio does not recognize a claim for conversion of real property. *See Bank of New York Mellon v. Lewis,* 2014-Ohio-5599, ¶ 77 (6th Dist.). Appellant does not raise that issue in this appeal.

4.

{¶ 8} Appellant, in her May 16, 2023 opposition to appellee's motion for summary judgment, argued that appellee trespassed on her property when he sprayed chemicals on his lawn and fence that seeped through the fencing and killed a portion of her lawn. She also argued that appellee "presumably" placed a section of rusted fencing over her existing fencing, causing her fence to rust. She also argued that appellee's failure to maintain the small portion of grass between the two fences created a nuisance because grass longer than 8 inches was considered a nuisance under Maumee Municipal Code section 915.01. Further, she argued that the leaves that collected between the fencing cause mold damage to her fencing. Finally, as to the reduction in her property value, she argued that "[t]he addition of an unsightly, unkempt fence, with its double-fenced section, creates an eyesore to any perspective buyers, which is common sense." She also argued, for the first time, that appellee had filed a fraudulent application to obtain his permit.

{¶ 9} In his reply brief, filed June 5, 2023, appellee noted that appellant's own survey showed that his newly-installed fence was located entirely on his property. Further, he noted that any failure on his part to maintain the small strip of grass between the fences could constitute a public nuisance under Maumee Municipal Code, but did not constitute a private nuisance. He also noted that appellant's arguments in opposition to his motion for summary judgment were based only on appellant's allegations that he trespassed on her property and that her property value was reduced without any supporting evidence. Appellee also cited appellant's deposition testimony in which she

5.

admitted that appellant had not violated any restrictions or easements in the construction of his fence and that she could not identify any specific evidence to support her claim that appellee had damaged her fence or lawn as support for his summary judgment motion. Finally, appellee argued that appellant's claim that his permit application was fraudulent was irrelevant to the claims alleged in her complaint.

{¶ 10} The trial court granted appellee's motion for summary judgment on July 5, 2023. The trial court held that appellant failed to identify any evidence supporting the damages elements of her nuisance and trespass claims. As a result, it held that appellee was entitled to judgment on those claims as a matter of law. The trial court then noted that appellant's marketability claim seeking damages for an alleged reduction in property value was not actually a separate claim but a measure of damages to be recovered should she succeed on her nuisance claim. Having already granted appellee summary judgment on the nuisance claim, the trial court found appellant's marketability claim was moot. The trial court did not reference appellant's allegation that appellee submitted a fraudulent application. The trial court's order granting summary judgment in appellee's favor was journalized on July 6, 2023.

6.

### B. Assignments of Error

{¶ 11} Appellant timely appealed the trial court's judgment and asserts the following errors for our review:

    1.     The trial court improperly ruled that [appellant's] complaint be dismissed due to [appellee's] fence being in compliance with all fence installation regulations.

    2.     The trial court improperly concluded that [appellee's] fence did not create a nuisance situation.

    3.     The trial court improperly ruled that [appellee] did not trespass upon [appellant's] land.[2]

We address these errors in turn.

## II. LAW AND ANALYSIS

### A. The trial court did not err in declining to address appellant's fraudulent permit application claim.

{¶ 12} In her first assignment of error, appellant argues that appellee fraudulently obtained his permit to install the privacy fence. Appellant acknowledges that she did not allege a claim for appellee's allegedly fraudulent application for the fencing permit in her complaint.[3] Instead, appellant first raised this issue in her opposition to appellee's

---

[2] Appellant's brief identifies her assigned errors by different numbers in her table of contents than in her argument. The numerical identification here corresponds with the order in which they are presented in appellant's argument.

[3] Appellant also does not identify any authority providing that such a private right of action exists. Because we resolve this issue on procedural grounds, we do not address whether appellant had standing to pursue her fraud claim.

7.

motion for summary judgment when she argued that appellee's permit application failed to include all required information. Specifically, she argued that appellee's application did not identify all existing structures, including the chain link fencing on her property. To support this claim, she attached a copy of Maumee Municipal Code Section 1142.03, which sets forth the physical requirements of the fence to be constructed, and appellant's permit application. That code section only describes how fences are to be constructed and makes no reference to the permit application requirements. The application itself does not, on its face, suggest that applicants must identify all existing structures. Appellee noted this in his reply brief and argued that appellant's references to his allegedly fraudulent application were "irrelevant, specious, and frivolous" in that they were entirely unrelated to the claims alleged in appellant's complaint. The trial court's judgment did not reference appellant's fraudulent application claim. Appellant argues that by responding to this argument, appellee consented to trial on this issue, resulting in an implied amendment to her complaint pursuant to Civ.R. 15(B). She argues, therefore, that the trial court's failure to recognize this amendment and address it in its judgment entry constitutes error. We disagree.

{¶ 13} Appellant correctly notes that this court, in *Staniec v. Rosiar,* 2021-Ohio-2142, ¶ 16-29 (6th Dist.), held that issues raised for the first time in summary judgment proceedings could constitute an amendment to prior pleadings under Civ.R. 15(B) if the issue was "implicitly tried" by the parties. *Id.* at ¶ 23. We review the trial court's grant or denial of an amendment to a pleading to include an issue tried by implied consent for

8.

an abuse of discretion. *State ex rel. Evans v. Bainbridge Twp. Board of Trustees,* 5 Ohio St.3d 41, 46 (1983). "An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable." *Siesel v. Siesel,* 2023-Ohio-4137, ¶ 11, citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). To determine whether an issue is implicitly tried by the parties, courts must consider various factors including "[1] whether [the parties] recognized that an unpleaded issue entered the case; [2] whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be tried on a different theory; and, [3] whether the witnesses were subjected to extensive cross-examination on the issue." *Staniec* at ¶ 23.

{¶ 14} Applying the factors from *Staniec,* we find that appellee did not consent to trial on appellant's fraudulent application claim.[4] Regarding the first factor, the parties did recognize that appellant raised the fraudulent application issue for the first time in her opposition to appellee's motion for summary judgment. However, the second factor weighs against finding that appellee consented to trial on this claim. First, appellee did not have a fair opportunity to respond to appellant's claim. In her opposition, appellant only vaguely stated that appellee failed to identify certain "existing structures" that, if identified, would have required appellee to obtain a variance from the fencing regulations to obtain his permit. Appellant failed, however, to identify any municipal code section that would require the additional information she alleges that appellee failed to include in

---

[4] The third factor is not applicable to this appeal as there was no witness testimony in the summary judgment proceedings.

9.

his application. Second, had appellant actually identified the bases on which she raised this new argument, appellee would have been able to present evidence in his defense to address those claims directly. Instead, appellee was left to simply recognize that these issues were irrelevant to the claims in appellant's complaint.

{¶ 15} Put simply, appellee addressed appellant's new argument in the context of the claims already pending before the court and their lack of relevance thereto, not as an additional claim to be tried by his consent. As a result, appellant was not entitled to an amendment of her pleadings to have that new claim resolved by the trial court through an amendment to her complaint pursuant to Civ.R. 15(B). The trial court did not abuse its discretion in declining to address this claim when it granted summary judgment to appellee and appellant's first assignment of error is found not well-taken.

### B. The trial court did not err in finding that appellee's fence did not create a private nuisance that intruded on appellant's property rights.

{¶ 16} In her second assignment of error, appellant argues that the trial court erred in granting appellee summary judgment on her nuisance claim. Specifically, she argues that because appellee did not properly maintain the strip of grass between the two fences, and because he purportedly sprayed chemicals on his lawn that seeped through the fence, that he had indeed created a nuisance for which she could recover damages.

{¶ 17} We review the grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129 (9th Dist. 1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine

10.

issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 18} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). In doing so, the moving party must point to some evidence in the record in the form of "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action[.]" Civ.R. 56(C); *Dresher* at 292–293. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Dresher* at 293. The failure to satisfy this reciprocal burden warrants judgment against the nonmoving party. *Id.* at 293.

{¶ 19} A "nuisance" is defined as "the wrongful invasion of a legal right or interest." *Peters v. Angel's Path, LLC,* 2007-Ohio-7103, ¶ 27 (6th Dist.). "For there to be an action for nuisance, the injury must be real, material, and substantial." *Banford v. Aldrich Chemical Co., Inc.,* 2010-Ohio-2470, ¶ 17. Moreover, a party seeking to establish damages resulting from the annoyance and discomfort caused by the claimed nuisance must "establish that the nuisance caused physical discomfort." *Id.* at ¶ 28. In his motion for summary judgment, appellee argued that appellant had not identified any physical discomfort arising from the claimed nuisance. Since appellant had suffered no

11.

physical discomfort, he argued, she could not support her nuisance claim and he was entitled to judgment as a matter of law. The record reflects that up to the filing of appellee's motion for summary judgment, appellant had not identified physical discomfort as the claimed injury resulting from appellee's conduct.

{¶ 20} In her opposition to appellee's motion, appellant made no specific reference to physical discomfort she suffered as a result of appellee's conduct. Instead, she simply describes appellee's fence as "unsightly" and "unkempt" and summarily concludes that it creates an "eyesore." At no point in her opposition or her supporting affidavit does appellant describe any physical discomfort arising from appellee's alleged intrusion on her property rights. Notably, appellant's argument on appeal references an alleged physical discomfort but she offers no citation to the record showing that she identified any physical discomfort when the action was pending before the trial court. Because she failed to make any allegation related to suffering physical discomfort as a result of appellee's conduct, the trial court granted summary judgment to appellee as a matter of law.

{¶ 21} Our review of the record concurs with the trial court's conclusion that there is no allegation that appellant suffered physical discomfort as part of her claim for damages. The crux of her complaint appears to simply be that she does not like appellee's new fence—describing it as an "eyesore"—rather than that it causes her any injury. For these reasons, we find that the trial court did not err in concluding that

12.

appellee was entitled to summary judgment on appellant's nuisance claim as a matter of law.  Therefore, appellant's second assignment of error is found not well-taken.

### C. The trial court did not err in finding that appellant did not commit a trespass onto appellant's property.

{¶ 22} In her third assignment of error, appellant argues that the trial court erred in granting summary judgment on her trespass claim.  In support of this argument, she states that despite appellee's affidavit testimony that he did not enter her property or apply any stains or chemicals on his side of the fence that could have seeped through to her property, he "trespassed numerous times" and that the trial court erred in finding to the contrary.

{¶ 23} A "trespass" is "the unlawful entry upon the land of another."  *Kramer v. Angel's Path, LLC,* 2007-Ohio-7099 (6th Dist.).  To succeed on a trespass claim, the plaintiff must show that the defendant "without authority or privilege, physically invade[d] or unlawfully enter[ed] the private premises of another whereby damages directly ensue[.]"  *Id.* at ¶ 25.  In his affidavit testimony, appellee expressly denies ever entering appellant's property.  Instead, he identifies all the ways in which he avoided entering appellant's property during the installation of the fence, including placing a barrier between the fences to prevent debris from falling onto appellant's property and by reaching over or around the new fencing to attach it to the posts.  Appellee also denied that he ever applied any stains or chemicals to his fence or lawn that could have seeped onto appellant's property.

13.

{¶ 24} In her opposition, appellant argued that appellee committed a trespass by causing damage to her fence by allowing leaves to gather in the space between the two fences and by placing a separate section of fencing on her existing fencing, with each of these actions allegedly damaging her fence. She only argued, however, that it was "presumably" appellee that placed the separate piece of fencing on her property. She then argued that she "knows of no other person or person that would cause damage to her fence" other than appellee. Moreover, during her deposition, she testified that she "cannot say who" caused the claimed damages. On appeal, appellant argues, without any citation to the record, that there is a genuine issue of material fact that "[appellee] trespassed numerous times" onto her property. The trial court held that appellant's "presumption" that appellee trespassed and her inability to show that he damaged her fence prevented it from finding that there was a genuine issue of material fact as to whether appellee intruded onto appellant's property and whether that intrusion resulted in damages.

{¶ 25} Through our de novo review, we find that the trial court did not err in granting summary judgment to appellee on appellant's trespass claim. While the parties' affidavit testimony conflicts as to whether appellee ever intruded onto appellant's property, appellee's deposition testimony shows that she "cannot say who" caused the damages she attributes to those intrusions. Since a trespass claim requires the complaining party to show that the claimed damages directly ensued from the alleged intrusion, appellant's express inability to show that appellee caused those damages is

14.

dispositive of her claim. Since appellant is unable to provide any evidence in support of her claimed damages, the trial court did not err in granting appellee summary judgment as a matter of law on appellant's trespass claim. Therefore, appellant's third assignment of error is found not well-taken.

### III. CONCLUSION

{¶ 26} For these reasons, we find each of appellant's assignments of error not well-taken and we affirm the July 6, 2023 judgment of the Lucas County Court of Common Pleas.

{¶ 27} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.                                _____
                                                         JUDGE

Myron C. Duhart, J.                              _____

Charles E. Sulek, P.J.                            JUDGE
CONCUR.

                                                         _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.